HANG AND ASSOCIATES, PLLC
Xiaoxi LIU
136-20 38th Ave. Suite 10G
Flushing, NY 11354
Tel: (718) 353-8588
Fax: (718) 353-6288
xliu@hanglaw.com
*Attorneys for the Plaintiff and proposed FLSA Collective*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

-----------------------------------------------------------------X
Sheng Juan Weng, *on behalf of himself*                     **Case No.**
*and others similarly situated*
                                        Plaintiff,          **COLLECTIVECOMPLAINT**
                    v.
L.P.C.C. RESTAURANT, LLC. d/b/a Shogun Legends, and
Ai Fen Chen,
                                        Defendants,
-----------------------------------------------------------------X

Plaintiff Sheng Juan Weng (hereinafter "Plaintiff") on his own behalf and on behalf of all others similarly situated, by and through their attorneys Hang & Associates, PLLC, hereby file this complaint against the Defendants L.P.C.C. RESTAURANT, LLC d/b/a Shogun Legends and Ai Fen Chen (collectively "Defendants") and alleges as follows:

### INTRODUCTION

1. This action is brought by Plaintiff, on behalf of himself as well as other employees similarly situated, against Defendants for alleged violations of the Federal Labor Standards Act, ("FLSA") 29 U.S.C. § 201 *et seq.* and of the New Jersey State Wage and Hour Law, NJSA§34:11-56 *etseq* ("NJWHL"), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NJWHL by engaging in a pattern and practice of

failing to pay its employees, including Plaintiff, minimum wage and overtime compensation for all hours worked over forty (40) each workweek.

3. Defendants also engaged in unlawful tip-pooling, requiring tipped-employees, including Plaintiff, to share their tips with employees who do not regularly and customarily receive tips, for instance, the manager of Defendants' restaurant.

4. Plaintiff alleged pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid minimum wages (2) unpaid overtime wages, (3) unlawful tips retentions, (4) liquidated damages, (5) prejudgment and post-judgment interest; and/or (6) attorneys' fees and costs.

5. Plaintiff further alleges pursuant to New Jersey State Wage and Hour Law ("NJWHL") that he is entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime compensation, (3) unlawful gratuities retention, (4) liquidated damages equal to the sum of unpaid minimum wage and overtime, (5) prejudgment interest. (6) post-judgment interest, and (7) attorney's fees and costs.

## **JURISDICTION AND VENUE**

6. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New Jersey State Law claims pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## **PLAINTIFF**

8. Plaintiff is an individual currently residing in Brooklyn, New York.

9. From on or around November 29, 2017 to on or around October 7, 2018, Plaintiff was employed by Defendants to work as a hibachi chef at their restaurant Shogun Legends located at 1969 NJ-34, Wall Township, NJ 07719.

## DEFENDANTS

*Corporate Defendant*

10. Defendant L.P.C.C. RESTAURANT, LLC d/b/a Shogun Legends ("Corporate Defendant") is a domestic business corporation organized under the laws of the State of New Jersey with a principal place of business located at 1969 NJ-34, Wall Township, NJ 07719.

11. Upon information and belief, the Corporate Defendant operates a restaurant under the trade name Shogun Legends and is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

12. Upon information and belief, the Corporate Defendant has more than forty (40) employees, including about five (5) chefs, nine (9) kitchen workers, five (5) sushi bar chefs, sixteen (16) waiters/waitresses, and five (5) bartenders.

13. Upon information and belief, the Corporate Defendant purchased and handled goods moved in interstate commerce.

*Owner/ Operator Defendants*

14. Upon information and belief, Defendant Ai Fen Chen ("Defendant Chen") is the owner, officer, director and/or managing agent of the Corporate Defendant and participated in the day-to-day operations of Defendants' restaurant Shogun Legends, and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2; NJWHL §34:11-56a et seq. and the regulations

thereunder, N.J.A.C. 12:56 et seq.; and is jointly and severally liable with the Corporate Defendant.

15. Upon information and belief, Defendant Chen owns the stock of the Corporate Defendant and manages and makes all business decisions.

16. Upon information and belief, Defendant Chen determined the wages and compensation of Defendants' employees, including Plaintiff, established work schedules and work load of the employees, maintained employee records, and had the authority to hire and fire employees.

17. Plaintiff has fulfilled all conditions precedent to the institution of this action and/ or conditions have been waived.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

18. Plaintiff brings this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants at their restaurant locations for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") (the "Collective Action Members"). Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than forty (40) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

19. Plaintiff will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

20. This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

21. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

22. Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

    a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

    b. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

    c. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

23. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

24. Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## STATEMENT OF FACTS

### *Plaintiff Weng Sheng Juan*

25.    Defendants committed the following alleged acts knowingly, intentionally and willfully.

26.    Defendants knew that unlawful retention of gratuities, and/or operating an invalid tip pooling scheme that includes both tipped and nontipped employees, failure to pay Plaintiff the minimum wage, and failure to pay Plaintiff his lawfully overtime compensation of one and one half times (1.5x) his regular rate of pay for all hours worked over forty (40) in a given workweek would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

27.    From on or around November 29, 2017 to on or around October 7, 2018, Plaintiff was employed by Defendants to work as a hibachi chef at their restaurant named Shogun Legends located at 1969 NJ-34, Wall Township, NJ 07719

28. While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

29. Upon information and belief, Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

30. Throughout his employment with the Defendants, Plaintiff worked six (6) days a week with Monday off. On Tuesdays, Wednesdays and Thursdays, Plaintiff worked without a break from about 11:00 am to 10:00 pm (for about 11 hours per day). On Fridays, Plaintiff worked without a break from around 11:00 am to about 11:00 pm (for about 12 hours). On Saturdays, Plaintiff worked without a break from around 3:30 pm to 11:00 pm (for about 7.5 hours). On Sundays, Plaintiff worked without a break from 3:00 pm to 10:00 pm (for about 7 hours). Plaintiff thus worked about fifty-nine and a half (59.5) hours per week throughout his employment with Defendants.

31. Throughout his employment with Defendants, Plaintiff was not required to punch time cards, to sign in/out, or to otherwise record his hours worked.

32. Throughout his employment with the Defendants, Plaintiff was paid at a fixed rate of $465 per week, regardless the number of hours he actually worked.

33. Throughout his employment with the Defendants, Plaintiff was paid bi-weekly both through check and cash, with the allocation of $430 in check and $500 in cash.

34. Throughout his employment with the Defendants, Plaintiff frequently receives tips. Nevertheless, Plaintiff was required to participate in tip-pooling schedule that includes tipped

and non-tipped employees, such as the manager. For instance, Paul[1], the manager usually takes away about $100 per week of tips from take-out/to-go orders.

35. Throughout his employment with Defendants, Plaintiff was not compensated at the minimum wage pursuant to federal and state law, and was not compensated at least at one-and-one-half of the minimum wage or his calculated hourly wage, whichever is greater, for all hours he worked above forty (40) in each workweek.

36. Defendants did not provide Plaintiff with any notice, oral or written, regarding their intention of taking tip credit against Plaintiff's minimum wage.

37. Throughout his employment with Defendants, Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by NJWHL.

## STATEMENT OF CLAIMS
### COUNT I.
### [Violations of the Fair Labor Standards Act—Overtime Wage Brought on behalf of the Plaintiff and the FLSA Collective]

38. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

39. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

---

[1] Last name unknown.

40. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

41. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, *et seq.*, including 29 U.S.C. §§207(a)(1) and 215(a).

42. Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

43. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

44. Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff and FLSA Collectives' labor.

45. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II.
### [Violation of New Jersey Labor Law—Overtime Pay Brought on behalf of Plaintiff]

46.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

47.     At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff at one and one half times the hourly rate the Plaintiff and the class are entitled to.

48.     Defendants' failure to pay Plaintiff was not in good faith.

49.     As a result of Defendants' failing to pay Plaintiff, Plaintiff is entitled to recover from Defendants their full unpaid overtime pay, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursement of the action pursuant to NJWHL §§34:11-56a *et seq.*

## COUNT III
### [Violation of New Jersey Labor Law—Failure to pay Minimum Wage Brought on behalf of Plaintiff)

50.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

51.     At all relevant times, Plaintiff was employed by Defendants within the meaning of NJWHL.

52.     At all relevant times, Defendants had a policy and practice of refusing to pay the proper statutory minimum wage to Plaintiff for some or all of the hours they worked.

53.     Defendants knowingly and willfully violated Plaintiff's right by failing to pay him proper minimum wages in the lawful amount for all or some of the hours worked.

10

54. Through Defendants' failing to pay Plaintiff, Plaintiff is entitled to recover from Defendants his full unpaid minimum wage, reasonable attorneys' fees and costs and disbursement of the action pursuant to NJWHL §§34:11-56 *et seq.*

## COUNT IV
### [Violations of the Fair Labor Standards Act— Failure to Pay Minimum Brought on behalf of Plaintiff and FLSA Collective]

55. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

56. At all relevant times, Plaintiff was employed by Defendants within the meaning of FLSA.

57. At all relevant times, Defendants have a pattern and practice of failing to pay the proper statutory minimum wage to Plaintiff and other similarly situated collective members, for some or all of the hours he worked.

58. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

59. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff.

## COUNT V
### [Violation of the Fair Labor Standards Act — Unlawful Retention of Tips Brought on behalf of Plaintiff and FLSA Collective]

61. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

62. Pursuant to the U.S. Department of Labor's regulations, 29 C.F.R. §531.52, tips are property of an employee.

63. By unlawfully allowing restaurant's manager to participate in the tip pooling or tip sharing and retaining customer tips belonging to Plaintiff and other FLSA Collective, Defendants violated the FLSA, 29 C.F.R. §531.52.

64. Defendants' violation of 29 C.F.R. §531.52 was willful because Defendants were aware or should have been aware the forgoing practices described in this Collective Action Complaint were unlawful.

65. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover from Defendants the misappropriated gratuities, an additional, equal amount as liquidated damages for Defendants' willful violations of the FLSA, together with interest, reasonable attorneys' fees, costs and disbursements in connection with this action, pursuant to 29 U.S.C. § 216(b).

## COUNT VII

### [Violation of NJWHL and NJWPL—Withholding Violation brought by Plaintiff]

66. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

67. Pursuant to the New Jersey Department of Labor's Regulations, N.J.A.C. 12:56 – 8.4(b), gratuities are the property of tipped employees.

68. Gratuity is defined as "cash received by an employee for services rendered for an employer or customer of an employer." N.J.A.C. 12:56-8.1.

69. Under the New Jersey Wage Payment Law, no employer may withhold or divert any portion of an employee's wages. N.J.S.A. 34:11-4.4.

70. Defendants willfully and unlawfully misappropriated, withheld and diverted portions of Plaintiff's tips in violation of N.J.A.C. 12:56-8.4(b) and the NJWPL, N.J.S.A. §34:11-4.4.

71. Due to Defendants' willful violations of the NJWHL and NJWPL, Plaintiff is entitled to recover damages in the amount of the tips withheld and diverted from him, reasonable attorney's fees and costs of the action, and pre- and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Collective, respectfully requests that this Court enter a judgment providing the following relief:

a) Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b) Certification of this case as a collective action pursuant to FLSA;

c) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual

      Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

d)    A declaratory judgment that the practices complained of herein are unlawful under FLSA and NJWHL;

e)    An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)    An award of unpaid minimum wage, overtime wages, and unlawfully retained gratuities due under FLSA and NJWHL plus compensatory and liquidated damages;

g)    An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage and overtime compensation pursuant to 29 U.S.C. §216;

h)    An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NJWHL;

i)    The cost and disbursements of this action;

j)    An award of prejudgment and post-judgment fees; and

k)    Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York

November 27, 2018

                                        Respectfully Submitted,

/s/ Xiaoxi Liu
Xiaoxi Liu, Esq.
HANG & ASSOCIATES, PLLC
*Attorneys for Plaintiff and Proposed FLSA Collective*